**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DEL RIO ROCIO JIMINEZ, | No. 11-56605 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-01528-JAH |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General and LAURA DUFFY, U.S. Attorney, Southern District, San Diego, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Maria Del Rio Rocio Jiminez appeals from the district court's judgment

denying her 28 U.S.C. § 2241 habeas petition. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), and we affirm.

Jiminez challenges her 2009 guilty-plea conviction on the ground that counsel was ineffective by failing to inform her of the possible immigration consequences of her plea, as required under *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).  However, because Jiminez's conviction became final before the Supreme Court decided *Padilla*, she cannot rely on that case to establish that counsel performed deficiently.  *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013) (holding that *Padilla* does not apply retroactively).  Moreover, Jiminez cannot demonstrate prejudice because she was informed of the possible immigration consequences by the plea agreement and at the plea colloquy.  *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (to establish prejudice, "a defendant must show the outcome of the plea process would have been different with competent advice").

**AFFIRMED.**

11-56605